To: 18185822561          From: (14422473714)          07/10/17 12:29 PM          Page 3 of 5

To: STANLEY MOSK    Page 2 of 29    Case 2:17-cv-06789-JAK-PLA    Document 2-1    Filed 09/13/17    Page 1 of 54    Page ID
                                    2017-07-05 17:00:27 (GMT)                                                    #:12          13103177511 From: David Spivak

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

**JUL 05 2017**

Sherri R. Carter, Executive Officer/Clerk

By Jenny D. Truong, Deputy

**NOTICE TO DEFENDANT:** SO. CAL PETROLEUM TRANSPORT, INC., a
*(AVISO AL DEMANDADO):* California corporation dba SUPERIOR TANK LINES;
and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DAVID ROSALES, on behalf of himself, and all others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Los Angeles<br>111 North Hill Street<br>Los Angeles, California 90012 | **CASE NUMBER:**<br>*(Número del Caso):*<br>**BC 667537** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: David Spivak, Esq.
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
THE SPIVAK LAW FIRM
16530 Ventura Blvd., Suite 312, Encino, CA 91436                                                    818-582-3086

| | | | | | |
|---|---|---|---|---|---|
| DATE:<br>*(Fecha)* | **JUL 05 2017** | SHERRI R. CARTER | Clerk, by<br>*(Secretario)* | **Jenny Truong** | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*   **SO. CAL PETROLEUM TRANSPORT, INC., a California corporation dba SUPERIOR TANK LINES**

   under:  ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

10:13:57 2017-07-05

**PETITION - EXHIBIT A, PAGE 0011**

Opt-Out: Not Defined

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| David Spivak, Esq.    SBN: 179684 <br> THE SPIVAK LAW FIRM <br> 16530 Ventura Blvd., Suite 312, Encino, CA 91436 <br> TELEPHONE NO.: 818-582-3086    FAX NO.: 818-582-2561 <br> ATTORNEY FOR *(Name):* David Rosales | **FILED** <br> Superior Court of California <br> County of Los Angeles <br><br> JUL 05 2017 <br><br> Sherri R. Carter, Executive Officer/Clerk <br> By_____ Deputy <br> Jenny D. Truong |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse on Hill St.

CASE NAME: DAVID ROSALES, et al. v. SO. CAL PETROLEUM TRANSPORT, INC., a California corporation dba SUPERIOR TANK LINES, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited <br> (Amount <br> demanded <br> exceeds $25,000) | [ ] Limited <br> (Amount <br> demanded is <br> $25,000 or less) | [ ] Counter    [ ] Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | | **BC667537** <br> JUDGE: <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is    [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [X] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence    f. [X] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary    b. [X] nonmonetary; declaratory or injunctive relief    c. [ ] punitive
4. Number of causes of action *(specify):* Six (6)
5. This case [X] is    [ ] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 5, 2017

David Spivak, Esq.
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

**PETITION - EXHIBIT A, PAGE 0013**

| SHORT TITLE: ROSALES. et al. v. SO. CAL PETROLEUM TRANSPORT, INC., et al. | CASE NUMBER BC667537 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

10:13:57 2017-07-05

**PETITION - EXHIBIT A, PAGE 0014**

| SHORT TITLE ROSALES, et al. v. SO. CAL PETROLEUM TRANSPORT, INC., et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029 | Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 | Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 | Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 | Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 | Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050 | Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025 | Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037 | Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☒ A6024 | Other Employment Complaint Case | (1, 2, 3 |
| | | ☐ A6109 | Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 | Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008 | Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019 | Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028 | Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002 | Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012 | Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034 | Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 | Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 | Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031 | Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027 | Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 | Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 | Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 | Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032 | Quiet Title | 2, 6 |
| | | ☐ A6060 | Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 | Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 | Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F | Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 | Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

PETITION - EXHIBIT A, PAGE 0015

| SHORT TITLE: ROSALES, et al. v. SO. CAL PETROLEUM TRANSPORT, INC., et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name/Change of Gender<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

PETITION - EXHIBIT A, PAGE 0016

| SHORT TITLE: ROSALES, et al. v. SO. CAL PETROLEUM TRANSPORT, INC., et al. | CASE NUMBER |
|---|---|

**Step 4:  Statement of Reason and Address**:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code.  (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☒ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | 6825 Rosecrans Ave |

| CITY: Paramount | STATE: CA | ZIP CODE: 90723 | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the <u>CENTRAL</u> District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: <u>July 5, 2017</u>

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5.  Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

PETITION - EXHIBIT A, PAGE 0017

6024
90723
LAC

D-310
CCW

Hon.
Kenneth Freeman

DAVID G. SPIVAK (SBN 179684)
david@spivaklaw.com
CAROLINE TAHMASSIAN (SBN 285680)
caroline@spivaklaw.com
THE SPIVAK LAW FIRM
16530 Ventura Blvd., Ste 312
Encino, CA 91436
Telephone (818) 582-3086
Facsimile (818) 582-2561

**FILED**
Superior Court of California
County of Los Angeles

JUL 05 2017

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Jenny D. Truong

Attorneys for Plaintiff,
DAVID ROSALES, and all others similarly situated

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES-- CENTRAL DISTRICT
### (UNLIMITED JURISDICTION)

DAVID ROSALES, on behalf of himself, and all others similarly situated,

Plaintiff(s),

vs.

SO. CAL PETROLEUM TRANSPORT, INC., a California corporation dba SUPERIOR TANK LINES; and DOES 1 through 50, inclusive,

Defendant(s).

Case No.: BC667597

**CLASS ACTION**

**COMPLAINT FOR:**

1. Failure to Provide Rest Breaks (Lab. Code §§ 226.7 and 1198);
2. Failure to Provide Meal Periods (Lab. Code §§ 226.7, 512 and 1198);
3. Failure to Pay All Wages Earned for All Hours Worked at the Correct Rates of Pay (Lab. Code §§ 510, 1194, 1197, and 1198);
4. Wage Statement Penalties (Lab. Code § 226);
5. Waiting Time Penalties (Lab. Code §§ 201-203); and
6. Unfair Competition (Bus. & Prof. Code §§ 17200, et seq.)

**JURY TRIAL DEMANDED**

SPIVAK LAW
Employee Rights Attorneys
9454 Wilshire Bl. Ste 303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax
SpivakLaw.com

1

*Rosales v. So. Cal Petroleum Transport, Inc., et al.*

Complaint
310

RECEIPT #: CCH494420003
DATE PAID: 07/07/17
PAYMENT: $1,435.00
RECEIVED:
CHECK:
CASH:
CHANGE:
CARD:

$1,435.00
$1,435.00
$.00
$.00
$.00

CITY AGENT BC667597
LEAD/DEPT:

Plaintiff DAVID ROSALES (hereafter "Plaintiff"), on behalf of himself and all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1.    Plaintiff brings this class action based on alleged violations of the California Labor Code, Industrial Welfare Commission Order No. 9-2001 (hereafter "the Wage Order"), and the Business and Professions Code, against defendants SO. CAL PETROLEUM TRANSPORT, INC., a California corporation dba SUPERIOR TANK LINES, and Does 1-50, inclusive (collectively "Defendants").

2.    As set forth in more detail below, Plaintiff alleges that Defendants are liable to him and other similarly situated current and former employees for unpaid wages and other related relief. These claims are based on Defendants' alleged failures to (1) provide all rest and meal periods, (2) pay all wages earned for all hours worked at the correct rates of pay, (3) fairly compete, (4) provide accurate written wage statements, and (5) timely pay final wages upon termination of employment. Accordingly, Plaintiff now seeks to recover unpaid wages and related relief through this class action.

## PARTIES

3.    Defendants employed Plaintiff in California as a truck driver from approximately April of 2009 to February 20, 2017. Plaintiff currently resides in Norwalk, California.

4.    Defendant SO. CAL PETROLEUM TRANSPORT, INC. dba SUPERIOR TANK LINES is a corporation organized under the laws of and a citizen of California based on Plaintiff's information and belief.

5.    Plaintiff is ignorant of the true names, capacities, relationships, and extents of participation in the conduct alleged herein, of the defendants sued as DOES 1-50, inclusive, but is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names. Plaintiff will amend the complaint to allege the true names and capacities of the DOE defendants when ascertained.

6.    Plaintiff is informed and believes and thereon alleges that, at all relevant times



SPIVAK LAW

Employee Rights Attorneys
9454 Wilshire Bl Ste 303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax
SpivakLaw.com

2

*Rosales v. So. Cal Petroleum Transport, Inc., et al.*                                                Complaint

herein, all Defendants were the agents, employees and/or servants, masters or employers of the remaining defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other Defendants.

7.      At all relevant times, in perpetrating the acts and omissions alleged herein, defendants, and each of them, acted pursuant to and in furtherance of a policy, practice, or a lack of a practice which resulted in Defendants not paying Plaintiff and other members of the below-described class in accordance with applicable California labor laws as alleged herein.

8.      Plaintiff is informed and believes and thereon alleges that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

## CLASS ACTION ALLEGATIONS

9.      This action has been brought and may be maintained as a class action pursuant to California Code of Civil Procedure § 382 because there is a well-defined community of interest among the persons who comprise the readily ascertainable class defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

10.     **Class Definitions:**      The class is defined as follows: All persons employed by Defendants in California as drivers, and in other comparable positions, at any time during the period beginning four years prior to the filling of this action and ending on the date that final judgment is entered in this action.

11.     **Reservation of Rights:** Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definition with greater specificity, by further division into subclasses and/or by limitation to particular issues.

12.     **Numerosity:** The Class Members are so numerous that the individual joinder of each individual Class Member is impractical. While Plaintiff does not currently know the exact

SPIVAK LAW

Employee Rights Attorneys
9454 Wilshire Bl. Ste 303
Beverly Hills, CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax
SpivakLaw.com

*Rosales v. So. Cal Petroleum Transport, Inc., et al.*                                                Complaint

**PETITION - EXHIBIT A, PAGE 0020**

number of Class Members, Plaintiff is informed and believes that the actual number exceeds the minimum required for numerosity under California law.

13. **Commonality and Predominance:** Common questions of law and fact exist as to all Class Members and predominate over any questions which affect only individual Class Members. These questions include, but are not limited to:

      A.    Whether Defendants failed to provide the class with all rest periods as required by section 12 of the Wage Order?

      B.    Whether Defendants failed to provide the class with all meal periods as required by section 11 of the Wage Order?

      C.    Whether Defendants failed to pay all wages to the class for all hours worked at the correct rates of pay?

      D.    Whether Defendants engaged in unfair competition within the meaning of Business and Professions Code §§ 17200, *et seq.*, with respect to the class?

      E.    Whether Defendants knowingly and intentionally failed to provide the class with accurate wage statements?

      F.    Whether Defendants willfully failed to provide the class with timely final wages?

14. **Typicality:** Plaintiff's claims are typical of the other Class Members' claims. Plaintiff is informed and believes and thereon alleges that Defendants have a policy, practice or a lack of a policy which resulted in Defendants failing to comply with the California Labor Code and the Business and Professions Code as alleged herein.

15. **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise in conflict with, the interests of absent Class Members. Plaintiff is dedicated to vigorously prosecuting this action on behalf of Class Members. Plaintiff will fairly and adequately represent and protect the interests of Class Members.

16. **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent Class Members, are

SPIVAK LAW
Employee Rights Attorneys
9454 Wilshire Bl. Ste 303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax
SpivakLaw.com

*Rosales v. So. Cal Petroleum Transport, Inc., et al.*          Complaint

**PETITION - EXHIBIT A, PAGE 0021**

experienced in wage and hour class action litigation and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent Class Members.

17. **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of Class Members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual Class Members are likely to be relatively small and would thus make it difficult, if not impossible, for individual Class Members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting Class Members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

<div align="center">

**FIRST CAUSE OF ACTION**

**FAILURE TO PROVIDE REST BREAKS**

**(Lab. Code §§ 226.7 and 1198)**

**(By Plaintiff and the Class against all Defendants)**

</div>

18. Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

19. At all relevant times during the applicable limitations period, Plaintiff and the class have been employees of Defendants and entitled to the benefits and protections of California Labor Code §§ 226.7, 1198, and the Wage Order.

20. Labor Code § 1198 states,

> "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

21. In relevant part, Section 12 of the Wage Order states:

Rest Periods:



SPIVAK LAW

Employee Rights Attorneys
9454 Wilshire Bl. Ste 303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax
SpivakLaw.com

*Rosales v. So. Cal Petroleum Transport, Inc., et al.*                    Complaint

**PETITION - EXHIBIT A, PAGE 0022**

(A)    Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate often (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

(B)    If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

22.    In addition, Labor Code Section 226.7 states

(b)    An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.

(c)    If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

23.    Pursuant to the Wage Order, Plaintiff and the class were entitled to be provided with net rest breaks of at least ten minutes for each four hour period of work, or major fraction thereof.

24.    Defendants failed to provide Plaintiff and the class with all required rest breaks free from any work or duties in accordance with the Wage Order, including, but not limited to, three ten-minute rest periods on workdays they worked more than ten hours in a workday. Defendants actively prevented Plaintiff and the Class Members from taking unrestricted rest breaks as required by California law. Due to their workloads, Plaintiff and the Class Members

SPIVAK LAW

Employee Rights Attorneys
9454 Wilshire Bl. Ste 303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax
SpivakLaw.com

6

*Rosales v. So. Cal Petroleum Transport, Inc., et al.*                                    Complaint

were not able to take off-duty rest breaks. Defendants required Plaintiff and the Class Members to keep driving their trucks at all times and only allowed them to take five (5)-minute breaks. As a result of these policies and practices, Defendants failed to provide Plaintiff and the Class Members with paid net rest periods of at least ten minutes for each four-hour work period, or major portion thereof. Defendants' policies and practices lack adequate safeguards to ensure that employees are relieved of their duties for all required rest periods and are paid additional wages when rest periods are not provided.

25.    Plaintiff is informed and believes and thereon alleges that, at relevant times within the applicable limitations period, Defendants had a policy, practice, or a lack of a policy which resulted in Defendants not providing the class with all rest breaks required by California law.

26.    Defendants failed to pay Plaintiff the additional wages required by California Labor Code § 226.7 for all rest breaks not provided to him. Plaintiff is informed and believes and thereon alleges that, at relevant times within the applicable limitations period, Defendants have maintained a policy, practice, or a lack of a policy which resulted in Defendants not providing the class with additional wages for all rest breaks not provided to them as required by California Labor Code § 226.7.

27.    As a result of Defendants' unlawful conduct, Plaintiff and the class have suffered damages in amounts subject to proof to the extent they were not paid additional wages owed for all rest breaks not provided to them.

28.    By reason of the above, Plaintiff and the members of the class are entitled to premium wages for workdays in which one or more rest breaks were not provided to them pursuant to California Labor Code § 226.7.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

#### (Lab. Code §§ 226.7, 512, and 1198)

#### (By Plaintiff and the Class against all Defendants)

29.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

SPIVAK LAW

Employee Rights Attorneys
9454 Wilshire Bl. Ste 303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax
SpivakLaw.com

7

30.     At all relevant times during the applicable limitations period, Plaintiff and the class have been employees of Defendants and entitled to the benefits and protections of California Labor Code §§ 226.7, 512 and 1198, and the Wage Order.

31.     Labor Code § 1198 states,

> "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

32.     In relevant part, Labor Code Section 512 states

> "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

33.     In relevant part, Section 11 of the Wage Order states:

> "Meal Periods

> (A)     No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee.

> (B)     An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

> (C)     Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on

SPIVAK LAW

Employee Rights Attorneys
9454 Wilshire Bl. Ste 303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4730 Fax
SpivakLaw.com

8

Rosales v. So. Cal Petroleum Transport, Inc., et al.                                          Complaint

PETITION - EXHIBIT A, PAGE 0025

duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(D)    If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

34.    In addition, Labor Code Section 226.7 states

(b)    An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.

(c)    If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

35.    Pursuant to California Labor Code § 512 and the Wage Order, Plaintiff and the class were entitled to be provided with uninterrupted meal periods of at least 30 minutes for each day they worked five or more hours. Pursuant to California Labor Code § 512 and the Wage Order, they were also entitled to a second 30-minute meal period when they worked more than 10 hours in a workday.

36.    During the relevant time period, Defendants failed to provide Plaintiff and the class with all required meal periods free from any work or duties in accordance with California Labor Code § 512 and the Wage Order, including, but not limited to, two 30-minute uninterrupted meal periods on workdays they worked more than ten hours in a workday.



SPIVAK LAW
Employee Rights Attorneys
9454 Wilshire Bl. Ste 303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax
SpivakLaw.com

9

Plaintiff is informed and believes and thereon alleges that, at relevant times within the applicable limitations period, Defendants maintained a policy, practice, or a lack of a policy which resulted in Defendants not providing the class with all meal periods required by California Labor Code § 512 and the Wage Order.

37.     At all relevant times, Defendants actively prevented Plaintiff and the Class Members from taking unrestricted meal breaks as required by California law. Due to their workloads, Plaintiff and the Class Members were not able to take off-duty meal periods. Defendants required Plaintiff and the Class Members to keep driving their trucks at all times and only allowed them to take five (5)-minute breaks.

38.     Defendants failed to pay Plaintiff the additional wages required by California Labor Code § 226.7 for all meal periods not provided to him. Plaintiff is informed and believes and thereon alleges that, at relevant times within the applicable limitations period, Defendants have maintained a policy, practice, or a lack of a policy which resulted in Defendants not providing the class with additional wages for all meal periods not provided to them as required by California Labor Code § 226.7.

39.     As a result of Defendants' unlawful conduct, Plaintiff and the class have suffered damages in amounts subject to proof to the extent they were not paid additional wages owed for all meal periods not provided to them.

40.     By reason of the above, Plaintiff and the members of the class are entitled to premium wages for workdays in which one or more meal periods were not provided to them pursuant to California Labor Code § 226.7.

## THIRD CAUSE OF ACTION

## FAILURE TO PAY ALL WAGES EARNED FOR ALL HOURS WORKED AT THE CORRECT RATES OF PAY

### (Lab. Code §§ 510, 1194, 1197, and 1198)

### (By Plaintiff and the Class against all Defendants)

41.     Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

42.     At all relevant times during the applicable limitations period, Plaintiff and the



SPIVAK LAW

Employee Rights Attorneys
9454 Wilshire Bl. Ste 303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax
SpivakLaw.com

10

class have been employees of Defendants and entitled to the benefits and protections of California Labor Code §§ 510, 1194, 1197, and 1198, and the Wage Order.

43.    Section 2 of the applicable Wage Order defines "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

44.    Section 4 of the applicable Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that employees are working.

45.    In relevant part, California Labor Code § 1194 states,

> (a) Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

46.    Labor Code § 1198 makes it unlawful for an employer to employ an employee under conditions that violate the Wage Order.

47.    Labor Code § 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Order for all hours worked during a payroll period.

48.    In relevant part, Section 3 of the Wage Order states,

> (A)  Daily Overtime - General Provisions
>
> (1)    The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:

11

SPIVAK LAW

Employee Rights Attorneys
9454 Wilshire Bl  Ste 303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax
SpivakLaw.com

(a) One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek.

(b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

49.    In relevant part, California Labor Code § 510 states,

Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

50.    In conjunction, these provisions of the Labor Code require employers to pay non-exempt employees no less than their agreed-upon or statutorily mandated wage rates for all hours worked, including unrecorded hours when the employer knew or reasonably should have known that employees were working during those hours. *Morillion v. Royal Packing Co.* (2000) 22 Cal.4th 575, 585.

51.    With respect to overtime wages, the regular rate of pay under California law must include "all remuneration for employment paid to, on behalf of, the employee." O.L. 2002.06.14 (quoting 29 U.S.C. § 207(e)). This requirement includes, but is not limited to, non-discretionary bonuses. *See, e.g., Huntington Memorial Hosp. v. Superior Court* (2005) 131 Cal. App. 4th 893, 904–05. Commissions and bonuses must be included in the regular rate whether they are the sole source of the employee's compensation or are in addition to a guaranteed salary or hourly rate. 29 C.F.R. §§778.117, 778.208. *See Oliver v. Mercy Med. Ctr., Inc.* (9th Cir 1982) 695 F.2d 379.

52.    At all relevant times, Defendants compensated Plaintiff and the other Class

SPIVAK LAW

Employee Rights Attorneys
9454 Wilshire Bl. Ste 303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax
SpivakLaw.com

Members with an hourly rate of pay on a biweekly basis. Defendant also paid Plaintiff and the other Class Members non-discretionary bonuses on a quarterly basis. Defendants required Plaintiff and the Class Members to record a daily, 30-minuted meal period on their time sheets and deducted 30 minutes from their hours worked regardless of whether Plaintiff and the Class Members were able to take duty-free meal periods. Defendants, however, failed to compensate Plaintiff and the Class Members for the work they performed during the 30-minute period.

53.      Defendants required Plaintiff and the Class Members to complete their daily reports at the end of each workday and after they clocked out for the day to save their driving and on-duty hours.[1] Plaintiff and the Class Members spent approximately 15 to 30 minutes every day completing and faxing their reports to the corporate office. Defendants, however, failed to compensate them for such hours worked. Further, Plaintiff and the Class Members earned the non-discretionary bonuses during workweeks in which they worked more than eight hours in a workday or more than 40 hours in a workweek. Defendants, however, failed to include the non-discretionary bonuses in the regular rate of pay for purposes of calculating overtime pay rates. Consequently, Defendants failed to pay Plaintiff and the Class Members for all hours worked at the correct rates of pay.

54.      Plaintiff is informed and believes that, at all relevant times, Defendants have applied centrally devised policies and practices to him and Class Members with respect to working conditions and compensation arrangements.

55.      Plaintiff is informed and believes and thereon alleges that, at relevant times, Defendants have maintained a policy, practice, or a lack of a policy which resulted in Defendants' failure to compensate the class for all hours worked.

56.      As a result of Defendants' unlawful conduct, Plaintiff and the other Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid the full amount of wages earned during each pay period during the applicable limitations period.

57.      As a result of Defendants' conduct, Plaintiff, on behalf of himself and the class,

---

[1] The Department of Transportation hours of service regulations allow 11 hours of driving within a 14-hour period after ten (10) hours off duty.



SPIVAK LAW
Employee Rights Attorneys
9454 Wilshire Bl. Ste 303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax
SpivakLaw.com

13

Rosales v. So. Cal Petroleum Transport, Inc., et al.                                                    Complaint

PETITION - EXHIBIT A, PAGE 0030

seeks damages and/or restitution for all earned wages which Defendants failed to pay them at the correct rates of pay, interest thereon, costs of suit and reasonable attorney's fees pursuant to California Labor Code §§ 1194.

## FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE, WRITTEN WAGE STATEMENTS

#### (Lab. Code § 226)

#### (By Plaintiff and the Class against all Defendants)

58.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

59.    At all relevant times during the applicable limitations period, Plaintiff and the class have been employees of Defendants and entitled to the benefits and protections of California Labor Code § 226.

60.    Pursuant to California Labor Code § 226(a), Plaintiff and the class were entitled to receive, semimonthly or at the time of each payment of wages, an accurate itemized statement showing: a) gross wages earned; b) net wages earned; c) all applicable hourly rates in effect during the pay period; and d) the corresponding number of hours worked at each hourly rate by the employee.

61.    Pursuant to California Labor Code § 226(e), an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

62.    Pursuant to California Labor Code § 226(e), an employee is deemed to suffer injury if the employer fails to provide a wage statement. Also, an employee is deemed to suffer injury if the employer fails to provide accurate and complete information as required by California Labor Code § 226(a) and the employee cannot "promptly and easily determine" from the wage statement alone one or more of the following:

A.    The amount of the gross wages or net wages paid to the employee during

*Rosales v. So. Cal Petroleum Transport, Inc., et al.*                                                    Complaint

**PETITION - EXHIBIT A, PAGE 0031**

SPIVAK LAW

Employee Rights Attorneys
9454 Wilshire Bl Ste 303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax
SpivakLaw.com

1  the pay period or any of the other information required to be provided on the itemized wage

2  statement pursuant to California Labor Code § 226(a);

3          B.      Which deductions the employer made from gross wages to determine the

4  net wages paid to the employee during the pay period;

5          C.      The name and address of the employer and, if the employer is a farm

6  labor contractor, as defined in subdivision (b) of Section 1682 of the California Labor Code, the

7  name and address of the legal entity that secured the services of the employer during the pay

8  period; and

9          D.      The name of the employee and only the last four digits of his or her social

10  security number or an employee identification number other than a social security number.

11          63.     "Promptly and easily determine," as stated in California Labor Code § 226(e),

12  means a reasonable person would be able to readily ascertain the information without reference

13  to other documents or information.

14          64.     As alleged herein, Defendants failed to provide Plaintiff and the class all wages

15  owed, including but not limited to, minimum and overtime wages and all premium wages for

16  unprovided rest and/or meal periods. As a result, Defendants have failed to properly and

17  accurately itemize each employee's gross wages earned, net wages earned, the total hours

18  worked, the corresponding number of hours worked by employees and other requirements of

19  California Labor Code § 226. Further, Defendants failed to state the earned meal and rest period

20  premium wages on Plaintiff and Class Members' itemized written wage statements. As a result,

21  Defendants have violated California Labor Code § 226.

22          65.     Defendants' failure to provide Plaintiff and the class with accurate wage

23  statements was knowing and intentional. Defendants had the ability to provide Plaintiff and the

24  class with accurate wage statements but intentionally provided wage statements that Defendants

25  knew were not accurate.

26          66.     As a result of being provided with inaccurate wage statements by Defendants,

27  Plaintiff and the class have suffered injury. Their legal rights to receive accurate wage

28  statements were violated and they were misled about the amount of wages they had actually

SPIVAK LAW

Employee Rights Attorneys
9454 Wilshire Bl Ste 303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax
SpivakLaw.com

15

*Rosales v. So. Cal Petroleum Transport, Inc., et al.*                                        Complaint

**PETITION - EXHIBIT A, PAGE 0032**

earned and were owed. In addition, the absence of accurate information on their wage statements prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amounts of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records and/or has led to the submission of inaccurate information about wages to state and federal government agencies. Further, Plaintiff and the class were not able to ascertain from the wage statements whether Defendants complied with their obligations under California Labor Code § 226(a).

67.    Pursuant to California Labor Code § 226(e), Plaintiff and the class are entitled to recover the greater of actual damages, or penalties of fifty dollars ($50) for the initial pay period in which a violation of California Labor Code § 226(a) occurred and one hundred dollars for each violation of California Labor Code § 226(a) in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000) per Class Member, and are also entitled to an award of costs and reasonable attorneys' fees.

## FIFTH CAUSE OF ACTION

## WAITING TIME PENALTIES

## (Lab. Code §§ 201-203)

### (By Plaintiff and the Class against all Defendants)

68.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

69.    Labor Code § 201 provides that all earned and unpaid wages of an employee who is discharged are due and payable immediately at the time of discharge.

70.    Labor Code § 202 provides that all earned and unpaid wages of an employee who quits after providing at least 72-hours notice before quitting are due and payable at the time of quitting and that all earned and unpaid wages of an employee who quits without providing at least 72-hours notice before quitting are due and payable within 72 hours.

71.    By failing to pay earned minimum, overtime, and premium wages to Plaintiff and the Class Members, Defendants failed to timely pay them all earned and unpaid wages in violation of Labor Code § 201 or § 202.

72.    Labor Code § 203 provides that the wages of an employee continue on a daily

SPIVAK LAW
Employee Rights Attorneys
9454 Wilshire Bl. Ste 303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax
SpivakLaw.com

basis as a penalty for up to 30 days where an employer willfully fails to timely pay earned and unpaid wages to the employee in accordance with Labor Code § 201 or § 202.

73.    Plaintiff is informed and believes that Defendants' failures to timely pay Plaintiff and the Class Members all of their earned and unpaid wages have been willful in that, at all relevant times, Defendants have deliberately maintained policies and practices that violate the requirements of the Labor Code and the Wage Order even though, at all relevant times, they have had the ability to comply with those legal requirements.

74.    Pursuant to Labor Code § 203, Plaintiff seeks waiting time penalties on behalf of himself and the Class Members, in amounts subject to proof not to exceed 30 days of waiting time penalties for each class member.

## SIXTH CAUSE OF ACTION

## UNFAIR COMPETITION

### (Bus. & Prof. Code §§ 17200, *et seq.*)

### (By Plaintiff and the Class against all Defendants)

75.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

76.    At all relevant times during the applicable limitations period, Plaintiff and the class have been employees of Defendants and entitled to the benefits and protections of the Business and Professions Code §§ 17200, *et seq.*

77.    The unlawful conduct of Defendants alleged herein amount to and constitutes unfair competition within the meaning of California Business & Professions Code §§ 17200, *et seq.* Due to their unfair and unlawful business practices alleged herein, Defendants have unfairly gained a competitive advantage over other comparable companies doing business in California that comply with their legal obligations to compensate employees for all earned wages.

78.    As a result of Defendants' unfair competition as alleged herein, Plaintiff and the class have suffered injuries in fact and lost money or property. Plaintiff and the class were deprived of wages for all rest and meal periods not provided to them, for all hours they hours worked for which they did not receive compensation for at the correct rates of pay, and for

SPIVAK LAW

Employee Rights Attorneys
9454 Wilshire Bl. Ste 303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax
SpivakLaw.com

17

*Rosales v. So. Cal Petroleum Transport, Inc., et al.*                                    Complaint

**PETITION - EXHIBIT A, PAGE 0034**

1    unpaid wages resulting from not being provided with accurate wage statements.

2        79.    Pursuant to California Business & Professions Code § 17203, Plaintiff and the

3    class are entitled to restitution of all monies rightfully belonging to them that Defendants did

4    not pay them or otherwise retained by means of their unlawful and unfair business practices.

5        80.    Plaintiff and the class are entitled to reasonable attorneys' fees in connection

6    with their unfair competition claims pursuant to California Code of Civil Procedure § 1021.5,

7    the substantial benefit doctrine and/or the common fund doctrine.

8        **PRAYER FOR RELIEF**

9        81.    WHEREFORE, Plaintiff, on behalf of himself and the class, prays for relief and

10   judgment against Defendants as follows:

11       A.    An order that the action be certified as a class action with respect to

12   Plaintiff's claims for violations of California law;

13       B.    An order that Plaintiff be appointed class representative;

14       C.    An order that counsel for Plaintiff be appointed class counsel;

15       D.    Unpaid wages;

16       E.    Statutory penalties;

17       F.    Declaratory relief;

18       G.    Actual damages;

19       H.    Restitution;

20       I.    Pre-judgment interest;

21       J.    Costs of suit;

22       K.    Interest;

23       L.    Reasonable attorneys' fees; and

24       M.    Such other relief as the Court deems just and proper.

25   ///

26   ///

27   ///

28   ///

SPIVAK LAW

Employee Rights Attorneys
9454 Wilshire Bl. Ste 303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax
SpivakLaw.com

18

*Rosales v. So. Cal Petroleum Transport, Inc., et al.*                                        Complaint

**PETITION - EXHIBIT A, PAGE 0035**

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and all others similarly situated, hereby demands a jury trial on all issues so triable.

Respectfully submitted,

THE SPIVAK LAW FIRM

Dated: July 5, 2017

By

DAVID SPIVAK, Attorney for Plaintiff, DAVID ROSALES, and all others similarly situated

SPIVAK LAW

Employee Rights Attorneys
9454 Wilshire Bl. Ste 303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax
SpivakLaw.com

19

*Rosales v. So. Cal Petroleum Transport, Inc., et al.*                                                    Complaint

**PETITION - EXHIBIT A, PAGE 0036**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES**

Case Number     BC 6 6 7 5 3 7

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT
**Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3 (c)).**

| ASSIGNED JUDGE | DEPT. | ROOM |
|---|---|---|
| Judge Elihu M. Berle | 323 | 1707 |
| Judge William F. Highberger | 322 | 1702 |
| Judge John Shepard Wiley, Jr. | 311 | 1408 |
| ✓ Judge Kenneth Freeman | 310 | 1412 |
| Judge Ann Jones | 308 | 1415 |
| Judge Maren E. Nelson | 307 | 1402 |
| Judge Carolyn B. Kuhl | 309 | 1409 |

### Instructions for handling Class Action Civil Cases

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

**APPLICATION**

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**

A challenge under Code of Civil Procedure section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

**SANCTIONS**

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

Given to the Plaintiff/Cross Complainant/Attorney of Record on _____ JUL 0 5 2017 SHERRI R. CARTER, Executive Officer/Clerk

BY_____ Jenny Truong _____, Deputy Clerk

**PETITION - EXHIBIT A, PAGE 0037**

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**



**Association of Business Trial Lawyers**



**California Employment Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

**PETITION - EXHIBIT A, PAGE 0038**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

**PETITION - EXHIBIT A, PAGE 0039**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the  complaint, and _____ for the cross-
    <span>(INSERT DATE)</span>                                          <span>(INSERT DATE)</span>
    complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at www.lacourt.org under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____           ➢  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date:

_____           ➢  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____           ➢  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____           ➢  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____           ➢  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____           ➢  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____           ➢  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

**PETITION - EXHIBIT A, PAGE 0040**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:           FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

---

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

     iii.   Be filed within two (2) court days of receipt of the Request; and

     iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 2 of 3

**PETITION - EXHIBIT A, PAGE 0042**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

**PETITION - EXHIBIT A, PAGE 0043**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

    ☐ Request for Informal Discovery Conference
    ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

**PETITION - EXHIBIT A, PAGE 0044**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

**PETITION - EXHIBIT A, PAGE 0045**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date:  _____

_____
JUDICIAL OFFICER

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Advantages of ADR**

- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR** - ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- **Mediation**

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**PETITION - EXHIBIT A, PAGE 0048**

- **Arbitration**

  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

- **Mandatory Settlement Conference (MSC)**

  **Settlement Conferences are appropriate in any case where settlement is an option.** Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

  The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

  In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program. Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**PETITION - EXHIBIT A, PAGE 0049**

**Additional Information**

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**PETITION - EXHIBIT A, PAGE 0050**

CIV-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| David Spivak, Esq.          SBN: 179684<br>THE SPIVAK LAW FIRM<br>16530 Ventura Blvd., Suite 312<br>Encino, CA 91436<br>TELEPHONE NO.: 818-582-3086   FAX NO. (Optional): 818-582-2561<br>E-MAIL ADDRESS (Optional): david@spivaklaw.com<br>ATTORNEY FOR (Name): David Rosales | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 600 S. Commonwealth Ave.
MAILING ADDRESS: 600 S. Commonwealth Ave.
CITY AND ZIP CODE: Los Angeles, 90005
BRANCH NAME: Central Civil West Courthouse

PLAINTIFF/PETITIONER: DAVID ROSALES, et al.

DEFENDANT/RESPONDENT: SO. CAL PETROLEUM TRANSPORT, INC., et al.

| **NOTICE OF ENTRY OF JUDGMENT**<br>**OR ORDER** | CASE NUMBER: |
|---|---|
| *(Check one):*   [X] **UNLIMITED CASE**<br>(Amount demanded<br>exceeded $25,000)    [ ] **LIMITED CASE**<br>(Amount demanded was<br>$25,000 or less) | BC667537 |

**TO ALL PARTIES :**

1. A judgment, decree, or order was entered in this action on *(date)*: JULY 25, 2017

2. A copy of the judgment, decree, or order is attached to this notice.

Date: JULY 31, 2017

David Spivak, Esq.
(TYPE OR PRINT NAME OF   [X] ATTORNEY   [ ] PARTY WITHOUT ATTORNEY)          (SIGNATURE)

Page 1 of 2

Form Approved for Optional Use<br>Judicial Council of California<br>CIV-130 [New January 1, 2010]

**NOTICE OF ENTRY OF JUDGMENT OR ORDER**

www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder™

**PETITION - EXHIBIT A, PAGE 0051**

# EXHIBIT A.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 07/25/17

HONORABLE  KENNETH R. FREEMAN          JUDGE    R. ARRAIGA        **DEPT.**  310

HONORABLE                                                          DEPUTY CLERK
Add-On #2                      JUDGE PRO TEM
        NONE                                                       ELECTRONIC RECORDING MONITOR
                                    Deputy Sheriff    NONE                        Reporter

| BC667537 | | |
| | Plaintiff<br>Counsel | |
| DAVID ROSALES<br>VS | | NO APPEARANCES |
| SO CAL PETROLEUM TRANSPORT INC<br>  AL | Defendant<br>Counsel | |

Complex- 7-25-2017

**NATURE OF PROCEEDINGS:**

COURT ORDER REGARDING NEWLY FILED CLASS ACTION

By this order, the Court determines this case to
be Complex according to Rule 3.400 of the California
Rules of Court. The Clerk's Office has randomly
assigned this case to this department for all
purposes.

By this order, the Court stays the case, except
for service of the Summons and Complaint. The stay
continues at least until the Initial Status
Conference. Initial Status Conference is set for
September 29, 2017, at 10:00 a.m., in this department.
At least 10 days prior to the Initial Status
Conference, counsel for all parties must discuss
the issues set forth in the Initial Status Conference
Order issued this date. The Initial Status Conference
Order is to help the Court and the parties manage this
complex case by developing an orderly schedule for
briefing, discovery, and court hearings. The parties
are informally encouraged to exchange documents and
information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further
Order of the Court. Parties must file a Notice of
Appearance in lieu of an Answer or other responsive
pleading. The filing of a Notice of Appearance shall
not constitute a waiver of any substantive or
procedural challenge to the Complaint. Nothing in this
order stays the time for filing an Affidavit of

Page   1 of 3    DEPT. 310

MINUTES ENTERED
07/25/17
COUNTY CLERK

**PETITION - EXHIBIT A, PAGE 0053**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 07/25/17

HONORABLE KENNETH R. FREEMAN          JUDGE        R. ARRAIGA

                                                   DEPT.   310

HONORABLE                                          DEPUTY CLERK
Add-On #2                    JUDGE PRO TEM

        NONE                                       ELECTRONIC RECORDING MONITOR

                             Deputy Sheriff    NONE

                                                   Reporter

BC667537
                                    Plaintiff
                                    Counsel
DAVID ROSALES
VS                                              NO APPEARANCES
SO CAL PETROLEUM TRANSPORT INC      Defendant
 AL                                 Counsel

Complex- 7-25-2017

**NATURE OF PROCEEDINGS:**

at the courthouse in Los Angeles,
California, one copy of the original filed/entered
herein in a separate sealed envelope to each address
as shown below with the postage thereon fully prepaid,
in accordance with standard court practices.

Dated: July 25, 2017

Sherri R. Carter, Executive Officer/Clerk

By: R. ARRAIGA, Deputy Clerk

David Spivak
THE SPIVAK LAW FIRM
16530 Ventura Blvd., Ste 312
Encino, CA 91436

          Page   3 of  3   DEPT.  310

MINUTES ENTERED
07/25/17
COUNTY CLERK

**PETITION - EXHIBIT A, PAGE 0054**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 07/25/17

HONORABLE KENNETH R. FREEMAN     JUDGE    R. ARRAIGA      **DEPT.**   310

                                                          DEPUTY CLERK

HONORABLE
Add-On #2             JUDGE PRO TEM                        ELECTRONIC RECORDING MONITOR

     NONE                Deputy Sheriff    NONE                       Reporter

BC667537

DAVID ROSALES                   Plaintiff Counsel
VS
SO CAL PETROLEUM TRANSPORT INC    Defendant Counsel     NO APPEARANCES
  AL

Complex- 7-25-2017

**NATURE OF PROCEEDINGS:**

Prejudice pursuant to Code of Civil Procedure Section 170.6.

Counsel are directed to access the following link for information on procedures in the Complex Litigation Program courtrooms:

http://www.lacourt.org/division/civil/CI0037.aspx

According to Government Code Section 70616 subdivisions (a) and (b), each party shall pay a fee of $1,000.00 to the Los Angeles Superior Court within 10 calendar days from this date.

The Plaintiff must serve a copy of this Minute Order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within seven days of service.

CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served this Minute Order and the Initial Status Conference Order
upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail

Page    2 of   3    DEPT.   310

**MINUTES ENTERED**
07/25/17
**COUNTY CLERK**

**PETITION - EXHIBIT A, PAGE 0055**

SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

CENTRAL DISTRICT-CENTRAL CIVIL WEST COURTHOUSE
600 SOUTH COMMONWEALTH AVENUE, ~~ROOM 311~~
LOS ANGELES, CALIFORNIA 90005

D-310

U.S. POSTAGE >> PITNEY BOWES

ZIP 90005
02 4W
0000333881JUL. 25 2017

$ 000.67°

# EXHIBIT B.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CONFORMED COPY**
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUL 2 5 2017

Sherri R. Carter, Executive Officer/Clerk
By: Roxanne Arraiga, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

CENTRAL DISTRICT

DAVID ROSALES, et al.,
        Plaintiff,

        vs.

SO.CAL PETROLEUM TRANSPORT, INC.,
a California corporation dba SUPERIOR
TANK LINES, et al.,

        Defendants.

Case No. BC667537

INITIAL STATUS CONFERENCE ORDER
(COMPLEX LITIGATION PROGRAM)

Case Assigned for All Purposes to
Judge Kenneth R. Freeman

Department: 310
Date:           September 29, 2017
Time:           10:00 a.m.

This case has been assigned for all purposes to Judge Kenneth R. Freeman in the Complex Litigation Program. An Initial Status Conference is set for **September 29, 2017 at 10:00 a.m.** in Department 310 located in the Central Civil West Courthouse at 600 South Commonwealth Avenue, Los Angeles, California 90005. Counsel for all the parties are ordered to attend.

The Court orders counsel to prepare for the Initial Status Conference by identifying and discussing the central legal and factual issues in the case. Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as possible, on a case management plan. To this end, counsel must file a Joint Initial Status Conference Class Action Response Statement ten (10) court days (**September 15, 2017**

INITIAL STATUS CONFERENCE ORDER

**PETITION - EXHIBIT A, PAGE 0058**

**DIRECTLY in Department 310)** before the Initial Status Conference. The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not the use the Judicial Council Form CM-110 (Case Management Statement) for this purpose.

1. **PARTIES AND COUNSEL:** Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

2. **POTENTIAL ADDITIONAL PARTIES:** Does any plaintiff presently intend to add more class representatives? If so, and if known, by what date and by what name? Does any plaintiff presently intend to name more defendants? If so, and if known, by what date and by what name? Does any appearing defendant presently intend to file a cross-complaint? If so, who will be named.

3. **IMPROPERLY NAMED DEFENDANT(S):** If the complaint names the wrong person or entity, please explain.

4. **ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** If any party believes one or more named plaintiffs might not be an adequate class representative, please explain. No prejudice will attach to these responses.

5. **ESTIMATED CLASS SIZE:** Please discuss and indicate the estimated class size.

6. **OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:** Please list other cases with overlapping class definitions. Please identify the court, the short caption title, the docket number, and the case status.

7. **POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:** Please include a sample of any clause of this sort. Opposing parties must summarize their views on this issue.

**8. POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel are to identify and describe the significant core issues in the case. Counsel then are to identify efficient ways to resolve those issues. The vehicles include:

- Early motions in limine,

- Early motions about particular jury instructions,

- Demurrers,

- Motions to strike,

- Motions for judgment on the pleadings, and

- Motions for summary judgment and summary adjudication.

**9. CLASS CONTACT INFORMATION:** Does plaintiff need class contact information from the defendant's records? If so, do the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561) to precede defense delivery of this information to plaintiff's counsel? If the parties agree on the notice process, who should pay for it? Should there be a third-party administrator?

**10. PROTECTIVE ORDERS:** Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**11. DISCOVERY:** Please discuss discovery. Do the parties agree on a plan? If not, can the parties negotiate a compromise? At minimum, please summarize each side's views on discovery. The Court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits. The Court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) unless a persuasive showing establishes early need. If any party seeks discovery from absent class members, please estimate how many, and also state the

-3-

PETITION - EXHIBIT A, PAGE 0060

1   kind of discovery you propose[1].

2   **12. INSURANCE COVERAGE:** Please state if there is insurance for indemnity or

3   reimbursement.

4   **13. ALTERNATIVE DISPUTE RESOLUTION:** Please discuss ADR and state each

5   party's position about it.  If pertinent, how can the Court help identify the correct neutral and

6   prepare the case for a successful settlement negotiation?

7

8   **14. TIMELINE FOR CASE MANAGEMENT:** Please recommend dates and times for

9   the following:

10   ■ The next status conference,

11   ■ A schedule for alternative dispute resolution, if it is relevant,

12   ■ A filing deadline for the motion for class certification, and

13   ■ Filing deadlines and descriptions for other anticipated non-discovery motions.

14

15   **15. ELECTRONIC SERVICE OF PAPERS:** For efficiency the complex program

16   requires the parties in every new case to use a third-party cloud service. While the parties are free

17   to choose one of the services shown below, this Court (Department 310) prefers that the parties

18   select:

19   ■ **Case Anywhere (http://www.caseanywhere.com).**

20   The parties are not required to select Case Anywhere, but may chose instead either

21   ■ File & Serve Xpress (https://secure.fileandservexpress.com) or

22   ■ CaseHomePage (http://www.casehomepage.com).

23

24   Please agree on one and submit the parties' choice when filing the Joint Initial Status

25   Conference Class Action Response Statement.  If there is agreement, please identify the vendor. If

26   _____

27   [1] See California Rule of Court, Rule 3.768.

28

-4-

**PETITION - EXHIBIT A, PAGE 0061**

1  parties cannot agree, the Court will select the vendor at the Initial Status Conference. Electronic

2  service is not the same as electronic filing. Only traditional methods of filing by physical delivery

3  of original papers or by fax filing are presently acceptable.

4  **Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

5  "A dismissal of an entire class action, or of any party or cause of action in a class action,

6  requires Court approval . . . Requests for dismissal must be accompanied by a declaration setting

7  forth the facts on which the party relies. The declaration must clearly state whether consideration,

8  direct or indirect, is being given for the dismissal and must describe the consideration in detail."[2]

9  

10  If the parties have settled the class action, that too will require judicial approval based on a noticed

11  motion (although it may be possible to shorten time by consent for good cause shown).

12  Pending further order of this Court, and except as otherwise provided in this Initial Status

13  Conference Order, these proceedings are stayed in their entirety. This stay shall preclude the

14  filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the

15  Court. However, any defendant may file a Notice of Appearance for purposes of identification of

16  counsel and preparation of a service list. The filing of such a Notice of Appearance shall be

17  without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural

18  challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice

19  to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the

20  parties in managing this "complex" case through the development of an orderly schedule for

21  briefing and hearings on procedural and substantive challenges to the complaint and other issues

22  that may assist in the orderly management of these cases. This stay shall not preclude the parties

23  from informally exchanging documents that may assist in their initial evaluation of the issues

24  

25  

26  ────────────

27  [2] California Rule of Court, Rule 3.770(a)

28  

-5-

1    presented in this case, however shall stay all outstanding discovery requests.

2          Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order on

3    counsel for all parties, or if counsel has not been identified, on all parties, within five (5) days of

4    service of this order. If any defendant has not been served in this action, service is to be completed

5    within twenty (20) days of the date of this order.

6          Dated: July 25, 2017

7

8                                        KENNETH R. FREEMAN
9                          _____
                                    Judge Kenneth R. Freeman
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        -6-

<u>**PROOF OF SERVICE**</u>

State of California,
County of Los Angeles

    1.   I am a citizen of the United States and am employed in the County of Los Angeles, State of California. I am over the age of 18 years, and not a party to the within action. My business address is 9454 Wilshire Blvd., Suite 303, Beverly Hills, California 90212.

    2.   I am familiar with the practice of The Spivak Law Firm, for collection and processing of correspondence for mailing with the United States Postal Service. It is the practice that correspondence is deposited with the United States Postal Service the same day it is submitted for mailing.

    On Monday, July 31, 2017, I served the foregoing document described as **NOTICE OF ENTRY OF ORDER ((EXHIBIT A) COURT ORDER REGARDING NEWLY FILED CLASS ACTION; (EXHIBIT B) INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM))** on interested parties by placing a true and correct copy thereof enclosed in a sealed envelope, with postage fully prepaid, addressed as follows:

    **Jason W. Kearnaghan, Esq.**
    **Hilary A. Habib, Esq.**
    **Sheppard, Mullin, Richter & Hampton LLP**
    **333 South Hope Street**
    **Forty-Third Floor**
    **Los Angeles, CA 90071**
    <u>JKearnaghan@sheppardmullin.com</u>
    <u>HHabib@sheppardmullin.com</u>

<u>XXXX</u> (BY MAIL) I caused such an envelope to be mailed by placing it for collection and mailing, in the course of ordinary business practice, with other correspondence of The Spivak Law Firm, 9454 Wilshire Boulevard, Suite 303, Beverly Hills, California 90212.

    EXECUTED on Monday, July 31, 2017, at Beverly Hills, California.

<u>XXXX</u> (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

                                  _____
                                    BRECK OYAMA